UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MIRANDA A. HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-cv-01533 |
| | ) | Judge Aleta A. Trauger |
| LYFT CORPORATION et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

Plaintiff Miranda Hunt has filed a *pro se* Complaint under Title VII of the Civil Rights Act of 1964 ("Title VII") (Doc. No. 1). Now before the Court is the plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2). As it appears from the plaintiff's submission that she lacks sufficient financial resources from which to pay the fee required for the filing of a complaint, the Application (Doc. No. 2) is **GRANTED**, and the Clerk is **DIRECTED** to file the Complaint *in forma pauperis*. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to conduct an initial review of the Complaint and dismiss it, or any portion thereof, if it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In reviewing a complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488

(6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In the present Complaint, the plaintiff alleges that she was subject to discrimination on the basis of her race and that she was treated disparately from other employees for engaging in similar behavior. She brings a claim against Lyft Corporation under Title VII. However, she also names as defendants several individual Lyft supervisors and co-workers, including John Zimmer, Logan Green, Cara Crossan, and Mary Winfield, and she purports to bring claims based on "violation of FCRA & ECOA, EEOC adverse action notice require[e]ments. Wrongful Termination. Breach of contract. Defamation of character. Disparate treatment of African American employees." (Compl. ¶ 1.) She seeks "emotional damages in the amount of $75,000," damages in the amount of $2 million for the alleged FCRA, ECOA and EEOC violations, and reinstatement. (Compl. ¶ 5.)

The plaintiff filed charges against Lyft with the Equal Employment Opportunity Commission ("EEOC"), alleging race discrimination and retaliation. (Doc. No. 1-1, at 2.) The EEOC issued a Notice of Right to Sue on September 13, 2017. (Doc No. 1-1, at 1.)

For purposes of 28 U.S.C. § 1915(e)(2), the court finds that the Complaint adequately states discrimination and retaliation claims under Title VII against Lyft that are not facially frivolous or malicious. The court understands the plaintiff's claims for wrongful termination, disparate treatment, and "EEOC adverse action" to be part of or incorporated within the Title VII claims.

To the extent the plaintiff seeks to bring Title VII claims against co-workers and supervisors who do not otherwise qualify as an "employer," these individuals "cannot be held individually liable under Title VII and similar statutory schemes." *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404 (6th Cir. 1997). The Title VII claims against each of the individual defendants are therefore **DISMISSED**.

The court presumes that the references to the "FCRA" and "ECOA" are to the Fair Credit Reporting Act and Equal Credit Opportunity Act, respectively. The Complaint contains no factual allegations to support claims under either statutory scheme. Those claims are likewise **DISMISSED**.

The Complaint purports to assert a state law claim for breach of contract. The plaintiff, however, does not allege the existence of an enforceable contract. The breach of contract claim is therefore **DISMISSED** for failure to state a claim for which relief may be granted.

The plaintiff also seeks to bring state law defamation claims. In Tennessee, to establish a *prima facie* case of defamation, a plaintiff must prove that: "(1) a party published a statement; (2) with knowledge that the statement was false and defaming to the other; or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement." *Brown v. Christian Bros. Univ.*, 428 S.W.3d 38, 50 (Tenn. Ct. App. 2013) (citations omitted). "Publication is a term of art meaning the communication of defamatory matter to a third person. In the case of slander [or spoken defamation], 'publication' occurs when the defamatory matter is spoken." *Id.* (citation omitted). In addition, "only statements that are false are actionable." *Id.* (citation omitted). Finally, to establish any type of defamation claim, the plaintiff must prove that the defamation resulted in injury to her character and reputation. *Id.*

In this case, the plaintiff alleges that she was "called a slave" in a public work setting by a co-worker who is a known racist. The plaintiff did not name as a defendant the person who allegedly referred to her as a slave and therefore does not state a defamation claim based on that incident.

The plaintiff also states that, at the time she was hired, she had an arrest record and charges pending against her, but she expected those charges to be dismissed and that she would be "fully exonerated." (Compl. ¶ 4.) Her employer knew about her arrest record. However, one of her managers informed other employees about the pending case. Nearly a year later, "out of retaliation," a co-worker named James Camper "sent a mass email about [the] charges to nearly the entire company." (*Id.*) The email also contained "many derogatory names" and "tells Lyft to fire me or else." (*Id.*) The plaintiff was fired within two hours of the email's being sent. (*Id.*) Neither Camper nor the manager who informed others about the pending criminal charges is named as a defendant in this case. Moreover, the plaintiff does not identify any actually false statement contained in the email. The court, therefore, concludes that these factual allegations fail to state a defamation claim.

The defamation claims, too, are **DISMISSED**.

In sum, the only claims remaining in this case are Title VII claims for discrimination and retaliation against Lyft. The Clerk is directed to **ISSUE PROCESS** and ensure service upon Lyft Inc. through its registered agent for service of process, C T CORPORATION SYSTEM, 800 S GAY ST, STE 2021, KNOXVILLE, TN 37929-9710.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule

72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. Rule 26(a)(1) of the Federal Rules of Civil Procedure, regarding required initial discovery disclosures, shall not apply.

It is so **ORDERED**.

ENTER this 21st day of December 2017.

ALETA A. TRAUGER
United States District Judge